# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMARQUIS GREEN and WHITNEY FRANCOIS,**

        **Plaintiffs,**

**v.**                                                                            **Case No.  6:18-cv-748-Orl-37GJK**

**FLORIDA WOODLAKE LLC d/b/a THE BENTLEY AT MAITLAND,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | May 15, 2018 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On May 15, 2018, pro se Plaintiffs Jamarquis Green and Whitney Francois instituted this action by filing a Complaint for Civil Case against Defendant Florida Woodlake LLC d/b/a The Bentley at Maitland. Doc. No. 1. On the same day, Plaintiffs filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application").  Doc. No. 2.

I.     APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless."

*Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327.

## II. ANALYSIS

In the Complaint, Plaintiffs state that they were denied their right to a fair trial under Article 10 of the Universal Declaration of Human Rights and the Seventh Amendment to the United States Constitution. Doc. No. 1 at 3. The only information in the Complaint regarding the case in which Plaintiffs were allegedly denied their right to a fair trial is that the Plaintiffs were the defendants and that it was a civil case. *Id.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The Complaint here does not contain sufficient factual allegations to determine whether Plaintiffs are entitled to relief. Additionally, if the Plaintiffs are referring to a civil case that proceeded in state court, then their claim may be barred by the *Rooker-Feldman* abstention doctrine. *See Rooker v. Fid. Tr. Co*., 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2.

Finally, the Application is incomplete. In it, Plaintiffs checked the box indicating that they received income in the past twelve months from business, profession, or other self-employment, but they did not elaborate on that answer as the Application directs them to do. Doc. No. 2 at 1. Plaintiffs also failed to answer the fifth question on the Application regarding property that they own. *Id.* at 2.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville*

*v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiffs must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law), the state citizenship of the parties, and the amount in controversy. Plaintiff should not include argument in the amended complaint. Plaintiff may file a renewed motion to proceed *in forma pauperis* with an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application (Doc. No. 2);

2. **DISMISS** the case; and

3. Grant Plaintiffs leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on June 21, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented party